## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VAISIDDIN FAIZUELOEV** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-2003** |
| | : | |
| **JAMAL L. JAMISON,** *et al.* | : | |

## ORDER

This 31st day of March, 2026, upon consideration of Petitioner Vaisiddin Faizueloev's

Petition for Writ of Habeas Corpus, ECF 1, and the Government's Response, ECF 4, it is hereby

**ORDERED** that the Petition is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that:

1.      The Court finds that Mr. Faizueloev is not subject to mandatory detention under 8

U.S.C. § 1225(b)(2).[2]

---

[1] The central legal issues presented by this Petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Diallo v. O'Neill*, No 25-cv-6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.).

[2] The Government seeks to distinguish this case because Mr. Faizueloev was first detained shortly after his crossing the border more than two years ago thus subjecting him to the rule established by *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025). *See* ECF 4 at 3-4. But that fact is a distinction without a difference: it remains the case that Mr. Faizueloev is no longer actively "seeking admission" within the meaning of § 1225(b) as it has been construed by this Court and many others across the country. *See Cabeza Cordero v. Rose*, No. 26-cv-534, at 5-6 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (rejecting a detention based on *Q. Li* because "it is immaterial whether the Government detained Petitioner as an applicant 'seeking admission' under Section 1225(b) when Petitioner first crossed the border in 2022. What matters is that he was not actively seeking admission within the meaning of that Section when he was re-arrested."); *see also Butskhrikdze v. Jamison*, No. 26-cv-730, 2026 WL 446644, at *5 (E.D. Pa. Feb. 17, 2026) (Costello, J.) (collecting cases).

The Government cites *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), as persuasive authority for its position. In my view, the majority in that case fails to account for the fact that the use of different terms between § 1225 and § 1226, such as "arriving aliens" and "inspection by immigration officers," strongly suggests that Congress intended to address two distinct situations. The Supreme Court appears to have recognized as much in *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). The majority opinion also fails to recognize that its construction of the statute would necessarily render some parts of § 1226

2.      The Government shall release Mr. Faizueloev from custody immediately and certify compliance with this order by filing proof of his/her release on the docket no later than **12:00 p.m. ET** on **April 2, 2026**.

3.      The Government is temporarily enjoined from re-detaining Mr. Faizueloev for seven days following his/her release from custody.

4.      If the Government pursues re-detention of Mr. Faizueloev, it must first provide him/her with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Faizueloev's removal proceedings.

5.      If the Government pursues re-detention of Mr. Faizueloev, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Faizueloev from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this Order.  If the neutral immigration judge determines Mr. Faizueloev is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission to move Mr. Faizueloev if unforeseen or emergency circumstances arise that require his removal from this District.  That request must set forth the grounds for the request and a proposed destination.

6.      Upon the Government's filing of the certification required by Paragraph 2, the Clerk of Court shall mark this case as **CLOSED**.

　　　　　　　　　　　　　　　　 /s/ Gerald Austin McHugh
　　　　　　　　　　　　　　　　United States District Judge

---

superfluous, a result to be avoided.  Shifting to a broader lens, one is hard-pressed to accept that Congress intended to mandate detention of all immigrants in the United States who lacked permission to enter, and even more hard-pressed that it would have done so in such an opaque fashion.  This is reinforced by the fact that no prior Administration has adopted the view now advanced by the Government.

Considering that an overwhelming majority of federal courts nationwide have reached a different result, *Buenrostro-Mendez* is an outlier.  The *sensus curiae*—akin to the theological concept of *sensus fidelium*—is that cases such as this fall within 8 U.S.C. § 1226(a).  I continue to endorse that consensus.